[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ORDER OF STATUTORY DAMAGES (#112)
I. FACTS CT Page 2485
The motion before the court is the defendant's motion for order of statutory damages pursuant to Conn. General Statutes Secs. 49-8, and/or 49-51. The following events preceded the filing of the present motion.
On July 1, 1991, the plaintiff Quail Run Village Condominium Association, Inc. (association) instituted the underlying action seeking monetary damages, attorneys' fees and other relief the court deems appropriate allegedly due and owing for expenses incurred by the association for repairs performed in the defendants' condominium unit. On August 6, 1991, the plaintiff filed a notice of lis pendens affecting the defendants' unit. On August 22, 1991, the defendants filed a motion for discharge of the lis pendens pursuant to Conn. General Statutes Sec. 52-325a to Conn. General Statutes Sec. 52-325d, et seq., including a request for attorneys' fees and damages pursuant to Conn. General Statutes Sec. 49-51. On August 30, 1991, the defendants sent a written demand to the plaintiff by certified mail, return receipt requested pursuant to Conn. General Statutes Sec. 49-51 for a release of the lis pendens. On November 14, 1991, this court, Arena, J., granted the defendants' motion for discharge and declared the lis pendens invalid on the ground that the plaintiff's underlying action is not intended to affect real property as defined in Conn. General Statutes Sec. 52-325(b); the court did not rule on the defendants' request for attorney's fees. Pursuant to the court's order, the plaintiff executed and delivered a release of the lis pendens, which it recorded on November 19, 1991. The defendants then filed the present motion for order of statutory damages pursuant to Conn. General Statutes Sec. 49-8 and/or Sec. 49-51. The plaintiff has filed a memorandum in opposition to the defendants' motion.
II. DISCUSSION
Conn. General Statutes Sec. 49-8 is entitled, "Release of satisfied or partially satisfied mortgage or ineffective attachment, lis pendens or lien. Damages" and provides in part,
 (b) The plaintiff or his attorney shall execute and deliver a release when an attachment has become of no effect pursuant to section 52-322 or section 52-324 or CT Page 2486 when a lis pendens or other lien has become of no effect pursuant to section 52-326.
 (c) If the mortgagee or plaintiff or his attorney, as the case may he, fails to execute and deliver a release after thirty days from the date of a written request for a release of such encumbrance sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, the mortgagee or plaintiff shall be liable for damages to any person aggrieved at the rate of two hundred dollars for each week after the expiration of such thirty days or in an amount equal to the loss sustained by such aggrieved person as a result of such failure to execute and deliver a release, whichever is greater.
The defendants argue that they sent a written request for the release of the lis pendens to the plaintiff at its last known address by certified mail, return receipt requested and that they therefore are entitled to damages under Conn. General Statutes Sec. 49-8. The record reflects, however, that the defendants sent a request for the release of the lis pendens expressly pursuant to Conn. General Statutes Sec. 49-51, not Sec. 49-8. Further, in their motion for discharge of the lis pendens dated August 22, 1991, the defendants expressly stated that they sought damages pursuant to Conn. General Statutes Sec. 49-51. Because the defendants did not request the release of the lis pendens under Conn. General Statutes Sec. 49-8, it would be improper for the court to grant damages pursuant to that section at this time and, therefore, the court declines to do so.
In the alternative, the defendants claim damages under Conn. General Statutes Sec. 49-51 which is entitled "Discharge of invalid lien," and provides in part,
 (a) Any person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at CT Page 2487 his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-390d, by first class mail, postage prepaid, to the person requesting the discharge. If the lien is not discharged within thirty days of the notice, that person may apply to the superior court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request. If the court is of the opinion that such certificate of lien was filed without just cause, it may allow, in its discretion, damages to any person aggrieved by such failure to discharge, at the rate of one hundred dollars for each week after the expiration of such thirty days, but not exceeding in the whole the sum of five thousand dollars or an amount equal to the loss sustained by such aggrieved person as a result of such failure to discharge the lien, which loss shall include, but not be limited to, a reasonable attorney's fee, whichever is greater.
In Huckabee Plumbing v. Falco,4 Conn. L. Rptr. No. 1, 9 (April 9, 1991, Thim, J.), the court examined Conn. General Statutes Sec. 49-51(a) and explained that that section,
 sets forth a procedure whereby a person whose property is encumbered by an invalid lien can give written notice to the lienor requesting discharge of the lien. If the lienor failed to discharge the lien within thirty days after the notice is given, the property owner may apply to the Superior Court for the discharge of the lien. If the court adjudicates CT Page 2488 the lien to be invalid, the court may award damages for the failure of the lienor to discharge the lien.
 An award of damages is discretionary. The court must, however, first adjudicate the lien invalid and then conclude the lienor acted without just cause. "Just cause" implies a reasonable ground for engaging in a course of conduct as distinguished from a frivolous or incompetent ground.
Id. at 9.
It appears that the defendants did not fully comply with the requirements of Conn. General Statutes Sec.49-51 in the present case. In particular, on August 30, 1991, defendants sent written demand to the plaintiff by certified mail, return receipt requested, seeking release of the lis pendens. On September 23, 1991, before thirty days had elapsed, the defendants pursued their motion for discharge in superior court, which motion had been filed on August 22, 1991. The defendants did not wait thirty days before seeking relief through the superior court as required by Conn. General Statutes Sec. 49-51.
Furthermore, damages under Conn. General Statutes Sec. 49-51 are discretionary. In order for the defendants to recover damages under that statute, the court must determine that: (1) the lien is invalid and; (2) that the plaintiff acted without just cause. In the present case, this court previously determined that the lis pendens was invalid because the underlying action is not intended to affect real property as defined in Conn. General Statutes Sec. 52-325(b). This finding, however, does not mandate a conclusion that the defendants are entitled to damages under Conn. General Statutes Sec. 49-51. As explained by the court in Huckabee Plumbing v. Falco, 4 Conn. L. Rptr. No. 1, 9 (April 8, 1991, Thim, J.), "`(j)ust cause' implies a reasonable ground for engaging in the course of conduct as distinguished from a frivolous or incompetent ground." In the present case, the record is insufficient to support a finding that the plaintiff engaged in a course of conduct that was frivolous or incompetent. The court, in the exercise of its discretion under Conn. General Statutes Sec.49-51, declines to award the defendants damages under that statute. CT Page 2489
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendants' motion for order of statutory damages ought to be and is hereby denied.
It is so ordered.
ARENA, JUDGE